## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DOVER GLEN CONDOMINIUM ASSOCIATION,
on behalf of themselves and others similarly situated,

      Plaintiff,                            Case No.

vs.

OAKLAND COUNTY, a Governmental Unit, and
ANDREW MEISNER, as Treasurer of Oakland
County,

      Defendants.
_____

## CLASS ACTION COMPLAINT

      NOW COMES DOVER CONDOMINIUM ASSOCIATION ("Dover" or "Plaintiff") by and through counsel, SOMMERS SCHWARTZ, P.C., and for Plaintiffs' cause of action against the Defendants state as follows:

### PARTIES

      1.      At all relevant time Plaintiff was a Condominium Association organized under the Laws of the State of Michigan, with an interest in property located at 266 E. 13 Mile Rd, Madison Heights, Michigan, Oakland County, State of Michigan.

      2.      Defendant Oakland County is a governmental unit in the State of Michigan governing the political body known as Oakland County ("County").

      3.      Andrew Meisner ("Treasurer") was the Treasurer of the County at the time relevant to the facts involved in this lawsuit.

1

## JURISDICTION

4.      This is a class action seeking unpaid "just compensation" for violations of Michigan's Constitution and of the Fifth and Fourteenth Amendments to the United States Constitution (hereinafter "Fifth Amendment" and "Fourteenth Amendment" respectively).

5.      Plaintiff seeks damages in excess of $5,000,000 and on behalf of a class that likely exceeds 100 persons or entities, some of whom are not residents of the State of Michigan, and thus this Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA").

6.      Jurisdiction by this Court over Plaintiff's constitutional claims is proper pursuant to 28 U.S.C. § 1343 and 28 U.S.C § 1331.

7.      To the extent necessary, supplemental jurisdiction over any state law claims is proper pursuant to 28 U.S.C. § 1367.

## FACTS

8.      Plaintiff operated condominiums in the City of Madison Heights, Michigan and from time to time, would exercise its authority to assess and collect dues and other charges on its residents.

9.      In some instances, residents would not pay charges and Plaintiff would record liens on the property to secure its right to receive payment on the underlying debt should any action take place that resulted in the sale of the property and generation of proceeds.

10.      Dover filed and recorded a lien with the Oakland County Register of Deeds against one of its properties, located at and commonly known as 266 East 13 Mile Road, Apartment 22, Madison Heights, Michigan, 48071, Unit 22, Dover Glen Condominium ("Condo"). A copy is attached to this Complaint as **Exhibit A**.

2

11.     Dover, like many other Condominium or Homeowner Associations, filing and recording of liens was done as prescribed under Michigan law, as did several other entities, including merchants (mechanic liens), lenders (mortgages) and bail bondsmen (bonds) just to name a few of the more common filers.

12.     As such, they were entitled to and expected persons on notice of the liens to honor their rights, adhere to the law on foreclosure, liens and real property and not take action that was unconstitutional, illegal or otherwise inconsistent with their rights to receive payment on the liens, including Defendants.

13.     Treasurer is the Foreclosing Governmental Unit of the County pursuant to the General Property Tax Act, MCL § 211.78(8).

14.     Upon information and belief, at the time of the tax foreclosure on the Condo, Plaintiff had an interest in the Subject Property in the form of a recorded lien in the amount of $3,957.00, ("Owed Amount").

15.     Upon information and belief, at the time of the tax foreclosure, owners of the Subject Property owed $4,753.88, or less to the County for delinquent taxes and/or assessments, interests, penalties, and fees reasonably related to the foreclosure and sale of the Subject Property.

16.     Following the tax foreclosure, the Treasurer, on behalf of the County, directed, implemented, or gave instructions that the Subject Property be sold at auction.

17.     On August 7, 2017, the Treasurer, on behalf of the County, deeded the Subject Property to a third party.

18.      Upon information and belief, the Treasurer, on behalf of the County, received net proceeds of $40,000.00 as a result of that sale at auction.

19.     Upon information and belief, the net amount received by the Treasurer on behalf of the County at the auction sale exceeded the Owed Amount by at least $43,246.12 ("Surplus Proceeds").

20.     Defendant Oakland County retained the Surplus Proceeds.

21.     Upon information and belief, the Surplus Proceeds were deposited into the County's General Fund account.

22.     Upon information and belief, Oakland County has derived investment income from the retention of the Surplus Proceeds.

23.     Plaintiff maintains a common law right to the Surplus Proceeds.

24.     Plaintiff has a vested right and interest in the Surplus Proceeds by virtue of the lien filed and recorded before the foreclosure.

## CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring this action individually and as representatives of all similarly situated mortgage brokers, pursuant to Federal Rule of Civil Procedure Rule 23, on behalf of the below-defined Class:

> All persons or entities who recorded liens with the Oakland County Register of Deeds in which surplus proceeds were generated from tax foreclosure sales during the class period

26.     Plaintiffs reserve the right to modify or amend the definition of the proposed class and/or sub-classes before the Court determines whether certification is appropriate.

**Numerosity – Fed. R. Civ. P. 23(a)(1)**

27. The members of the Class are so numerous and geographically disperse that individual joinder of all members is impracticable. Similarly, Class members may be notified of the pendency

4

of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**

28.     Upon information and belief, Defendant utilized a standard and uniform foreclosure process, thus, Defendants' legal obligations to lien holders are identical for all Class Members.

29.     Predominance is a question of efficiency. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 615–16, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); Committee Notes to 1966 Amendment to Fed.R.Civ.P. 23; William B. Rubenstein, 2 *Newberg on Class Actions* § 4:49 (5th ed. 2012). The predominance inquiry asks "Is it more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis or all issues in separate trials?" *Butler v. Sears, Roebuck & Co.,* 702 F.3d 359, 362 (7th Cir. 2012), *cert. granted, judgment vacated,* 569 U.S. 1015 (2013), *and judgment reinstated,* 727 F.3d 796 (7th Cir. 2013).

30.     A class action is the more efficient procedure for determining liability and damages in a case such as this, where each Class Member signed the same contract, and were damages can be determined formulaically.

31.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs, on behalf of themselves and the other Class Members. Similar or identical violations, business practices, and injuries are involved, and the contractual rights involve uniform, objective questions of fact and law, both for the prosecution and for the defense. The common questions of fact and law existing as to all Class Members predominate over questions affecting only individual class members. Such common questions of fact and law

include, but are not limited to: the proper interpretation of the *Rafaeli* decision. Thus, the elements of commonality and predominance are both met.

**Typicality – Fed. R. Civ. P. 23(a)(3)**

32.     This test "limit[s] the class claims to those fairly encompassed by the named plaintiffs' claims." *In re American Med. Sys., Inc.,* 75 F.3d 1069, 1082 (6th Cir.1996) (citation and quotation omitted). The named class representatives meet the criteria for typicality.

33.     Typicality does not mean the same claims or facts. *Senter v. General Motors Corp.,* 532 F.2d 511, 525 n. 31 (6th Cir. 1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976): "[t]o be typical a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law."

34.     Here, typicality requires class representatives who, in their status as recorded lien holders as were denied access, notice or other options relative to surplus funds.

35.     To be sure, there are no defenses available to Defendant that are unique to individual Plaintiffs. The injury and causes of actions are common to the Class as all arising from the same statutory and constitutional relationships and involve the same taking question.

36.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**

37.     Plaintiff will adequately represent the class. They have no interests that are in conflict with those of the class. In addition, they have retained counsel competent and experienced in complex class action litigation, and they will prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiffs and their counsel.

6

**Superiority of Class Treatment – Fed. R. Civ. P. 23(b)(3)**

38.     The class action is superior to any other available procedures for the fair and efficient adjudication of these claims, and no unusual difficulties are likely to be encountered in the management of this class action. Upon information and belief, the class is too large to make joinder practicable. The Plaintiffs estimate that the class will include 100 people. It would be an unnecessary burden upon the court system to require these individuals to institute separate actions. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

**Particular Issues – Fed. R. Civ. P. 23(c)(4)**

39.     In the event unforeseen issues preclude class certification under Fed.R.Civ.P. 23(b)(3), the case is still appropriate for class certification under Fed.R.Civ.P. 23(c)(4), as to the particular issues of liability.

40.     Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making declaratory relief, as described below, with respect to the Class as a whole.

## COUNT I – TAKINGS CLAIM

41.     Plaintiff incorporates the allegations contained in all preceding paragraphs.

42.     Defendants' retention of Plaintiff's Surplus Proceeds constitutes a taking under Article 10 § 2 of Michigan's 1963 Constitution as well as the United States Constitution.

43.     Defendants' retention of earnings or interest on the Surplus Proceeds constitutes another taking under Article 10, §2 of Michigan's 1963 Constitution as well as the United States Constitution.

44.     The Surplus Proceeds are personal property owned by *Plaintiff*.

45.     Pursuant to the 2020 Michigan Supreme Court decision in *Rafaeli LLC v. Oakland County*, Plaintiff is entitled to the Surplus Proceeds.

46.     Defendants have not afforded Plaintiff any mechanism or process to seek or obtain their Surplus Proceeds.

47.     Plaintiff is entitled to immediate turnover of the Surplus Proceeds, together with the earnings or interest earned on the Surplus Proceeds by the County.

48.     After issuance of the *Rafaeli* decision by the Michigan Supreme Court, Defendants' retention of Plaintiff's property is not an activity that is expressly or impliedly mandated or authorized by the Federal or State Constitution, statute, local charter or ordinance, or other law.

49.     Defendants' retention of Plaintiff's Surplus Proceeds and the interest earned thereupon is not an action or activity undertaken by Defendants while engaged in the exercise of, or discharge of, a governmental function.  Rather, the retention of Plaintiff's property is contrary to the mandates of common law and the Michigan and Federal Constitutions.

50.     Defendants' retention of Plaintiff's Surplus Proceeds and the interest earned thereupon after the Defendants became aware of the *Rafaeli* decision, constitutes either intentional misconduct or gross negligence which is the proximate cause of Plaintiff's damage.

51.     After issuance of the *Rafaeli* decision, Defendants' retention of Plaintiff's property was clearly not within the scope of activity authorized by the State or Federal Constitution, statute, local charter or ordinance, or other law.

52.     Following issuance of the *Rafaeli* decision, Defendants' retention of Plaintiff's property is outside the scope of governmental immunity.

53.     Defendants' retention of Plaintiff's Surplus Proceeds is done so that the County can use the Surplus Proceeds for its own use and for the purpose of earning interest or investment income.

54.     The earning of interest or investment income is an activity which is conducted primarily for the purpose of producing a pecuniary profit for the County.

55.     The foreclosure of the Subject Property was a voluntary activity undertaken by the Defendants as clarified in MCL § 211.78(6).

56.     Defendants' actions, as described in this Complaint, constitute a voluntary practice, policy, or custom of the Defendants.

57.     Defendants' actions, as described herein, were undertaken pursuant to an official County policy thereby permitting Plaintiff's claims for liability against governmental units and others claiming immunity as set forth in *Monell v. New York City Department of Social Services*, 436 US 658, 98 S.Ct. 2018 (1978) and its progeny.

58.     Defendants' actions after the issuance of the *Rafaeli* decision were undertaken in willful and wanton disregard of Plaintiff's rights.

## COUNT III – VIOLATION OF MCL 600.2919a

59.     Plaintiff incorporates the allegations contained in all preceding paragraphs.

60.     Defendants' have converted the Surplus Proceeds to its own use.

61.     Defendants' control of Plaintiff's property and Defendants' conversion of Plaintiff's property to its own use constitutes statutory conversion in violation of MCL 600.2919a.

62.     Plaintiff is entitled to treble damages.

9

63.     Plaintiff is entitled to recovery of actual reasonable attorney fees incurred in bringing and prosecuting this action.

## COUNT IV – VIOLATION OF SUBSTANTIVE DUE PROCESS

64.     Plaintiff incorporates the allegations contained in all preceding paragraphs.

65.     Pursuant to the Fourteenth Amendment, Plaintiff is entitled to substantive due process.

66.     Defendants' taking of Plaintiff's property and conversion of same to their own use deprived Plaintiff of substantive due process.

67.     Defendants' taking of Plaintiff's property and refusal to return same even after the Michigan Supreme Court's *Rafaeli* decision, are arbitrary and shocks the conscience.

68.     Plaintiff is been damaged as a direct and proximate result of Defendants' violations.

## COUNT V – VIOLATION OF PROCEDURAL DUE PROCESS

69.     Plaintiffs incorporate the allegations contained all preceding paragraphs.

70.     Pursuant to the Fourteenth Amendment, Plaintiff is entitled to procedural due process.

71.     Defendants have provided no method or procedure for Plaintiff to secure the return of their property or obtain it from the Defendants.

72.     Defendants' taking of Plaintiff's property and appropriating same to their own use deprived Plaintiffs of procedural due process.

73.     Plaintiff has been damaged as a direct and proximate result of Defendants' violations.

## COUNT VI – VIOLATION OF FIFTH/FOURTEENTH AMENDMENT (CLAIM ARISING DIRECTLY UNDER THE FIFTH AMENDMENT)

74.     Plaintiff incorporate the allegations contained in all preceding paragraphs.

75.     Plaintiff makes this claim directly under the Fifth Amendment

76.     The Fourteenth Amendment has made the Fifth Amendment directly applicable to the States.

77.     The taking of Plaintiff's property without just compensation is in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

78.     Plaintiff is entitled to interest from the time of taking until payment as a part of just compensation in accordance with *Jacobs v. United States*, 290 US 13, 54 S.Ct. 26 (1933) and its progeny.

## COUNT VII – VIOLATION OF FIFTH/FOURTEENTH AMENDMENT
### (42 USC § 1983)

79.     Plaintiff incorporates the allegations contained in all preceding paragraphs.

80.     The taking of Plaintiff's property by Defendants also violated, and continues to violate, 42 USC §1983 and 42 USC §1988.

81.     Plaintiff has been injured and suffered damages by Defendants' acts and actions and Plaintiffs are entitled to the relief provided in 42 USC §1983 and 42 USC §1988.

## COUNT VIII – UNJUST ENRICHMENT
### (ALTERNATIVE COUNT FOR RELIEF)

82.     Plaintiff incorporates the allegations contained in all preceding paragraphs.

83.     Defendants have been unjustly enriched by their illegal taking of Plaintiff's property.

84.     Plaintiff does not have an adequate remedy at law.

85.     It is inequitable for Defendants to retain Plaintiff's property and the benefits it has obtained from retaining Plaintiff's property.

WHEREFORE, Plaintiff prays this Court grant the following relief:

a.       Enter an Order declaring that the Defendants' actions and conduct violated the United States Constitution and the Michigan Constitution;

b.       Determine that Plaintiff is entitled to Surplus Proceeds;

c.       Determine that Plaintiff is entitled to all interest or investment income earned while the Surplus Proceeds have been retained;

d.       Enter judgment in favor of Plaintiff and against Defendants for the Surplus Proceeds;

e.       Enter judgment in favor of Plaintiff and against Defendants for treble the amount of the Surplus Proceeds plus actual attorney fees for violation of MCL 600.2919a;

f.       Award Plaintiff interest on their money at five percent from the date of sale until entry of Judgment;

g.       Award Plaintiff cost, attorney fees as well as interest from the date of Judgment until paid; and

h.       Grant such further relief as is agreeable to equity and good conscience.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

Dated: June 29, 2022

*/s/ Jason J. Thompson*
Jason J. Thompson (P47184)
One Town Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
jthompson@sommerspc.com

*Attorney on behalf of*
*Dover Glen Condominium Association*