UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHGIAN
SOUTHERN DIVISION

| | |
|---|---|
| **DOVER GLEN CONDOMINIUM ASSOCIATION, on behalf of themselves and others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**OAKLAND COUNTY, a Governmental Unit,**<br><br>Defendant. | Case No: 2:22-cv-11468-LVP-KGA<br>Hon. Linda V. Parker<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, ENHANCEMENT AWARDS TO CLASS REPRESENTATIVE AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, individually and on behalf of all class members, seek final approval of the class action settlement, enhancement awards to class representative and attorneys' fees and costs pursuant to Rule 23. Support for this Motion is included in the attached Brief and Exhibit A.

Dated: November 22, 2022                                Respectfully submitted,

/s/ *Jason J. Thompson*
Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
jthompson@sommerspc.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHGIAN
SOUTHERN DIVISION

| | |
|---|---|
| **DOVER GLEN CONDOMINIUM ASSOCIATION, on behalf of themselves and others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**OAKLAND COUNTY, a Governmental Unit,**<br><br>Defendant. | Case No: 2:22-cv-11468-LVP-KGA<br>Hon. Linda V. Parker<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, ENHANCEMENT AWARDS TO CLASS REPRESENTATIVE AND ATTORNEYS' FEES AND COSTS** |

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

I. BACKGROUND ........................................................................................................ 1

II. THE CLASS ACTION SETTLEMENT WARRANTS FINAL COURT
    APPROVAL PURSUANT TO RULE 23(e) ............................................................. 1

III. THE SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF
     RULE 23 FOR PURPOSES OF FINAL CERTIFICATION ................................... 4

IV. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE PROPER
    PURSUANT TO THE SETTLEMENT AGREEMENT AND REQUIREMENTS
    OF RULE 23 .............................................................................................................. 4

    A. The Court Should Award Attorneys' Fees as A Percentage Of The
    Total Common Benefit Fund ............................................................................ 4

    B. The Negotiated Fee Reflects The Market And Is Reasonable ......................... 6

    C. Class Counsel Should be Reimbursed for the Litigation Expenses they
    Incurred During the Prosecution of this Case .................................................. 7

V. THE ENHANCEMENT AWARD TO THE NAMED PLAINTIFF SHOULD
    BE APPROVED ........................................................................................................ 7

VI. CONCLUSION .......................................................................................................... 8

# **INDEX OF AUTHORITIES**

**Federal Cases**

*Blum v. Stenson*,
    465 U.S. 886 (1984) ................................................................................................ 5, 6

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ..................................................................................................... 4

*Camden I Condominium Ass'n v. Dunkle*,
    946 F.2d 768 (11th Cir. 1991) .................................................................................... 5

*Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*,
    445 U.S. 326 ............................................................................................................... 5

*Does v. Déjà Vu Consulting, Inc.*,
    925 F.3d 886 (6th Cir. 2019) ..................................................................................... 2

*Evans v. Jeff D.*,
    475 U.S. 717 (1980) ................................................................................................... 6

*Ford v. Fed.-Mogul Corp.*,
    2015 WL 110340 (E.D. Mich. Jan. 7, 2015) ............................................................. 2

*Gaskill v. Gordon*,
    160 F.3d 361 (7th Cir. 1998) ..................................................................................... 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................... 6

*In re Copley Pharmaceutical, Inc.*,
    1 F. Supp. 2d 1407 (D. Wyo. 1998) ........................................................................... 6

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
    130 F.R.D. 366 (S.D. Ohio 1990) ............................................................................... 7

*In re Linerboard Antitrust Litig.*,
    292 F. Supp. 2d 631 (E.D. Pa. 2003) ......................................................................... 3

*In re Mierostrateg-y, Inc. Sec. Litig*,
    172 F.Supp.2d 778 (E.D. VA 2001) ........................................................................... 7

In re Mills Corp. See. Litig., 265 F.R.D. 246 (4th Cir. 2009) ........................................ 7

*In re Prudential-Bache Energy Income P'ship Secs. Litig.*,
    1994 WL 150742 (E.D. La. Apr. 13, 1994) ............................................................... 6

*In re Washington Power Supply System Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ............................................................................... 5

*In re Xeel Energy, Inc., Sec., Derivative, and ERISA Litig.*,
  364 F. Supp. 2d 980 (D. Minn. 2005) ................................................................. 7

*IUE-CWA v. General Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. 2006) ..................................................................... 2

*Kay Co. v. Equitable Production Co.*,
  749 F. Supp. 2d 455 (S.D. W. Va. 2010) ............................................................. 5

*Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*,
  954 F. Supp. 1000 (D.N.J. 1997) ........................................................................ 6

*Moulton v. United States Steel Corporation*,
  581 F.3d 344 (6th Cir. 2009) ........................................................................ 4, 6

*Mullins v. Data Mgmt. Co.*,
  2021 WL 2820560 (S.D. Ohio June 21, 2021) ............................................... 2, 3

*UAW v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ......................................................................... 1, 2

*White v. NFL*,
  822 F. Supp. 1389 (D. Minn. 1993) .................................................................... 7

*White v. NFL*,
  836 F. Supp. 1458 (D. Minn. 1993) .................................................................... 3

## **Federal Rules**

Fed. R. Civ. P. 23(e) ................................................................................................. 2

Fed. R. Civ. P. 23(e)(1)(C) ....................................................................................... 1

RULE 23 ................................................................................................................... 4

Rule 23(a)(2) ............................................................................................................. 2

Rule 23(e)(2) ........................................................................................................ 1, 3

Rule 23(e)(3) ............................................................................................................. 1

I.  **BACKGROUND**

The Court has granted preliminary approval of the parties' class action settlement. (ECF 15). Since that time, notice has been issued and the time for objections and opt-outs has expired. (*See*, Exhibit A, Declaration from Simpluris). To date, there have been neither opt-outs nor objections filed. (*Id.*) The time for class members to file their claim, the "claim period" remains open until January 19, 2023. To date, there have been 17 claims filed. (See, Exhibit A).

II. **THE CLASS ACTION SETTLEMENT WARRANTS FINAL COURT APPROVAL PURSUANT TO RULE 23(e).**

When faced with a motion for final approval of a class action settlement, courts determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). The Parties' settlement here meets these requirements, and final approval is proper.

As amended, Rule 23(e)(2) now provides a list of factors that district courts must consider when evaluating whether a proposed settlement is "fair, reasonable, and adequate":

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-members claims;
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

*Id.* 23(e)(2).

Amended Rule 23(e)(2) does not displace this Circuit's so-called *UAW* factors. *See UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). But it does require courts to focus on "a shorter list of core concerns," i.e., the "primary procedural considerations and substantive qualities that

1

should always matter to the decision whether to approve the proposal." Fed. R. Civ. P. 23(e) adv. comm. notes. In this Circuit, courts also use the *UAW* factors when determining whether to approve a class action settlement: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Id.*; *see Does v. Déjà Vu Consulting, Inc.,* 925 F.3d 886, 894 (6th Cir. 2019). In other words, the *UAW* factors now supplement the Rule 23(a)(2) factors.

Importantly, the "law favors the settlement of class action litigation." *Ford v. Fed.-Mogul Corp.*, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015) (citations omitted). In deciding whether a proposed class settlement is "fair, reasonable, and adequate," the Court considers "the federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632. Further, in this Circuit, there is an "'especially strong' presumption in favor of voluntary settlements 'in class actions ... where substantial judicial resources can be conserved by avoiding formal litigation.'" *Mullins v. Data Mgmt. Co.*, 2021 WL 2820560, at *4 (S.D. Ohio June 21, 2021); *see also* 4 Newberg §§ 11.41 ("The compromise of complex litigation can be encouraged by the courts and favored by public policy."). Ultimately, the "evaluation and approval of a class settlement is committed to the sound discretion of the district court." *IUE-CWA* v. *General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006).

The Court's inquiry then must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See* David F. Herr, *Annotated Manual for Complex Litigation (Fourth)* § 21.632.

2

Thus, when assessing the fairness, reasonableness and adequacy of the proposed settlement, the Court does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the proposed agreement. *White v. NFL*, 836 F. Supp. 1458, 1477 (D. Minn. 1993). "Rather, the very purpose of compromise is to avoid the delay and expense of such a trial." *Id.* [citations omitted]. Again, the Court begins its analysis with an "especially strong presumption" that the proposed settlement is fair, reasonable, and adequate. *Mullins*, 2021 WL 2820560, at *4; *see* 4 Newberg on Class Actions § 11.41 ("a presumption of fairness exists where: (1) the settlement is reached through arm's length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small); Manual § 30.41.

Here, the Rule 23(e)(2) factors and *UAW* factors are satisfied. These factors were all addressed in the motion for preliminary approval, and the analysis has not changed: they still support the settlement. However, between preliminary approval and now, notice was issued. This process allowed for input from the absent class members. These results should be considered by the Court because they, too, support the settlement. **There have been zero objections**. (See Exhibit A). That no class member has objected and so few opted out to the Settlement provides strong evidence that the Settlement is fair, reasonable, and adequate, and warrants final approval. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003) ("[t]his unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement" (internal quotations omitted)). These results overwhelmingly support final approval of the settlement as factor (6)—reaction from absent class members—requires. Similarly, this reaction informs, and confirms, class counsels' view that settlement is fair and reasonable, as required in factor (5), and should therefore be approved. *Id.*

Lastly, factor (7) is somewhat advanced in favor of final approval when considering the public interest in the settlement.

### III. THE SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23 FOR PURPOSES OF FINAL CERTIFICATION.

As part of the Court's Preliminary Approval Order, it found that the proposed settlement Rule 23 Class satisfied each of the certification requirements of Rule 23 for purposes of settlement. Since that Order, no evidence has emerged to suggest that any of the Rule 23 requirements are no longer fulfilled. Neither have any class members filed any objection to the Court's certifying the proposed class for settlement purposes. Thus, for the reasons discussed below, the Rule 23 Class should be granted final certification.

### IV. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE PROPER PURSUANT TO THE SETTLEMENT AGREEMENT AND REQUIREMENTS OF RULE 23

In accordance with the terms of the settlement, Class Counsel moves for approval of the attorneys' fees and litigation expenses preliminarily approved by the Court on September 30, 2022. The requested fee of 33.1/3% of the settlement fund, or $318,000 is in line with the typical award in common-fund cases where counsel has undertaken complex litigation on a contingent basis and is consistent with attorney's fees typically awarded in the Sixth Circuit. *Moulton v. United States Steel Corporation*, 581 F.3d 344 (6th Cir. 2009). Additionally, Class Counsel seeks an award of litigation expenses not to exceed $2,500.00. As set forth below, these expenses were reasonable and necessary and were incurred in the prosecution of this litigation.

#### A. The Court Should Award Attorneys' Fees As A Percentage Of The Total Common Benefit Fund.

Attorneys who represent a class and achieve a significant benefit for the class are entitled to be compensated for their services. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In

*Blum v. Stenson*, 465 U.S. 886, 900, n.16 (1984), the Supreme Court recognized that under the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed to the class." The purpose of this doctrine is that "those who benefit from the creation of a fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Power Supply System Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994). Under the "common benefit" doctrine, when litigation confers substantial benefits on members of a class, courts are authorized to award attorneys' fees to class counsel to spread the costs proportionately among class members. *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

According to the *Manual for Complex Litigation*, "the vast majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common-fund cases." *See Manual for Complex Litigation §14.121*, at 187 (4th ed. 2004). "The trend among most courts seems to be towards favoring the percentage-of-the-fund approach to awarding attorney's fees in class action cases because it 'better aligns the interests of class counsel and class members . . .[by] t[ying] the attorneys' award to the overall result achieved rather than the hours expended by the attorneys.'" *Dewitt v. Darlington County, S.C.*, 2013 U.S. Dist. LEXIS 172624 at *19-20 (D.S.C. 2013) (quoting *Kay Co. v. Equitable Production Co.*, 749 F. Supp. 2d 455, 461 (S.D. W. Va. 2010). "The percentage-of-the-fund approach rewards counsel for efficiently and effectively bringing a class action case to a resolution, rather than prolonging the case in the hopes of artificially increasing the number of hours worked on the case to inflate the amount of attorney's fees on an hourly basis." *Id.*

Because our legal system relies on private litigants to enforce substantive provisions of law in class actions, attorneys providing these substantial benefits should be paid an award equal to the amount negotiated in private bargaining that takes place in the legal marketplace. *Deposit*

5

*Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338, *reh'g. denied*, 446 U.S. 947 (1980). "When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set. . . . The judge, in other words, is trying to mimic the market in legal services." *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *In re Prudential-Bache Energy Income P'ship Secs. Litig.*, 1994 WL 150742, at *1 (E.D. La. Apr. 13, 1994) (Livaudais, J.) (a percentage fee award is "intended to approximate the market-what private counsel ordinarily would charge in a contingent fee contract."); *In re Copley Pharmaceutical, Inc.*, 1 F. Supp. 2d 1407, 1411 (D. Wyo. 1998) ("the percentage of the fund method better approximates the workings of the marketplace by focusing on the results achieved."). Finally, as mentioned already, this Court and the Sixth Circuit favor the method for calculating fees currently requested by Class Counsel. See *Moulton supra.*

      **B.**    **The Negotiated Fee Reflects The Market And Is Reasonable.**

Parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. *See Evans v. Jeff D.*, 475 U.S. 717, 734-35, 738, n.30 (1980). A negotiated fee is preferred because it prevents attorneys' fees from becoming "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Courts, therefore, have "a responsibility to encourage agreement" on fees where possible. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984); *see also Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*, 954 F. Supp. 1000, 1005 (D.N.J. 1997) (granting class counsel the maximum amount of fees agreed to by the defendant under the settlement agreement where "class members ... retain all that the settlement provides [and] they do not lose any of the negotiated benefits on account of an attorneys' fee and costs award that equals the 'cap' on such an award set forth in the settlement").

6

Here, experienced counsel bargained at arm's length to achieve the resolution of a hotly contested legal case involving relatively complex factual and legal arguments. The incorporation of a negotiated fee of 33.1/3% into the Settlement is a good measure of the market for fees and is consistent with similar cases both within the Sixth Circuit and beyond. The requested fee award, therefore, reflects a fair "marketplace" value for Class Counsel's services. For these reasons, and those further stated below, the Court should uphold the settlement and approve Class Counsel's request for a 33.1/3% fee award.

### C. Class Counsel Should be Reimbursed for the Litigation Expenses they Incurred During the Prosecution of this Case.

In accordance with the terms of the settlement, Class Counsel seeks reimbursement of expenses to cover costs associated with legal research, discovery, travel, transportation, court fees, mailings and postage. All of the expenses were contemporaneously recorded in the books and account ledgers of Class Counsel and are available for inspection if necessary.

### V. THE ENHANCEMENT AWARD TO THE NAMED PLAINTIFF SHOULD BE APPROVED.

Named Plaintiffs are routinely awarded enhancement awards as part of a class action settlement. *In re Mills Corp. See. Litig.*, 265 F.R.D. 246 (4th Cir. 2009); *In re Mierostrateg-y, Inc. Sec. Litig,,* 172 F.Supp.2d 778, 788 (E.D. VA 2001); *In re Xeel Energy, Inc., Sec., Derivative, and ERISA Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005); *White v. NFL,* 822 F. Supp. 1389, 1406 (D. Minn. 1993) (citing cases); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding two class representatives $55,000 each and three class representatives $35,000 each and citing cases).

In addition to compensating named Plaintiff for its time, effort, and inconvenience, enhancement awards advance public policy by encouraging individuals to come forward and take

7

action to protect the rights of the class. Courts among several circuits have routinely approved the award of enhancement payments to named plaintiff for their assistance to a plaintiff class.[1]

## VI. CONCLUSION

Under all relevant law and standards, the proposed settlement is fair, adequate, reasonable, and satisfies all requirements for final approval. The settlement provides substantial relief to the Class without the attendant risks of additional litigation. Accordingly, Class Counsel and the named Plaintiff respectfully request that the Court grant Final Approval to the proposed settlement and class representative awards.

Dated: November 22, 2022                     Respectfully submitted,

/s/ *Jason J. Thompson*
Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
jthompson@sommerspc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2022, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/ *Jason J. Thompson*
Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
248-355-0300
jthompson@sommerspc.com

---

[1] *See* cases cited in preceding paragraph.